IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 97-499

_____

LARRY SMITH,                              )
                                          )
          Petitioner,                     )
                                          )
     v.                                   )         OPINION
                                          )
THE HONORABLE JOHN McKEON, sitting as     )              AND
District Judge in the Fifteenth Judicial District)
Court, Roosevelt County, Montana          )         ORDER
                                          )
IN RE MARRIAGE OF                         )
                                          )
LARRY SMITH,                              )
                                          )
          Petitioner                      )
                                          )
     and                                  )
                                          )
BRIDGET SMITH,                            )
                                          )
          Respondent.                     )

_____

     The petitioner, Larry Smith, has petitioned this Court for an order of supervisory
control pursuant to Rule 17, M.R.App.P., and Article VII, Section 2, of the Montana
Constitution.

     In support of his petition for supervisory control, Smith has established that
he is
an Indian person, duly enrolled as a member of the Fort Peck Tribes, who resides on
the
Fort Peck Indian Reservation near Wolf Point, Montana, and that his spouse, Bridget
Smith, is a non-Indian person who resides in Wolf Point, Montana.  The petitioner has
filed a petition in the District Court for the Fifteenth Judicial District in
Roosevelt County
for dissolution of his marriage.  The respondent, the Honorable John McKeon, is the
presiding judge who has assumed jurisdiction to decide that petition.

     Some percentage of the petitioner's assets consist of Indian trust land held in
trust
by the Bureau of Indian Affairs for his benefit.  On December 3, 1996, the District
Court
ordered the petitioner to obtain an appraisal of the trust properties from the
Bureau of
Indian Affairs to assist the court in its division of the marital estate.  When the
BIA
rejected that request, petitioner was ordered to appeal its rejection to the

district office for the BIA in Billings. When the district office affirmed the local office's rejection, the petitioner was ordered to appeal that decision to the Board of Appeals in Washington, D.C.

The petitioner contends that the trust lands are not subject to valuation or division in a dissolution proceeding and, therefore, that he has been ordered to take a position before the Board of Appeals in Washington, D.C., which is inconsistent with the law. The petitioner contends that he will be irreparably damaged if required to argue a position unfavorable to him at the national level.

The petitioner contends, based on our decision In re Marriage of Wellman (1993), 258 Mont. 131, 852 P.2d 559, that the District Court has no jurisdiction to divide Indian trust lands and, therefore, no jurisdiction to require the appraisal of Indian trust lands, and that neither can the District Court require an appraisal as a "condition precedent" to assuming jurisdiction in this matter.

The Assiniboine and Sioux Tribes of the Fort Peck Reservation have appeared as amici curiae in support of Larry Smith's petition.

In response, the District Court contends that it cannot be called upon to make equitable division of the marital estate without first knowing the value of Indian trust properties which represent a significant portion of the marital estate. The District Court states that it has not required the petitioner to take any position with the Secretary of Interior with regard to the value of the trust land property. The petitioner has been ordered to participate only so that the Secretary can make a proper valuation.

Bridget Smith, in her response to the petition for supervisory control, points out that petitioner previously filed a petition for supervisory control on the same basis on January 30, 1997, and that it was denied by this Court on February 20, 1997. Bridget also contends that this case is not appropriate for supervisory control, and that even if it was, it should be denied on the merits because if she is denied a BIA appraisal, her right to due process and a proper valuation of the marital estate will be denied.

DISCUSSION

We held in Plumb v. Fourth Judicial District Court (1996), 279 Mont. 363, 927 P.2d 1011, that where a district court is proceeding based on a mistake of law, and the cost and complexity of a case will thereby be affected to the extent that a substantial injustice will occur, and there is no adequate remedy by appeal, a party is entitled to the exercise of supervisory control. On that basis, we accept supervisory control in

this case.

In Wellman, we held that a district court had neither jurisdiction to distribute Indian trust land nor consider its value for purposes of valuing the marital estate. We held as follows:

Thus, an assertion of state court jurisdiction to apportion a marital estate consisting primarily of Indian trust land appears on its face to be in conflict with the federal government's direct interest in Indian trust property.

Robert attempts to circumvent this barrier by arguing that even though the District Court has no authority to transfer title to the trust land to a non-Indian, it has the power to value the marital estate and the obligation to apportion it equitably, either by awarding him a monetary judgment equal to his equitable share of the estate or by ordering the land to be sold to other tribal members and the proceeds divided. We disagree.

. . . .

Here, we are urged to assert state court jurisdiction over Indian trust land by figuratively bringing it into state court for valuation prior to an ordered sale and division of proceeds or a monetary award equal to Robert's equitable share of the value of the land. Based on our discussion of 28 U.S.C. 1360(b), above, we conclude that any of these actions would result in a prohibited adjudication of interests in Indian trust land. See Sheppard, 655 P.2d at 923 (Bristline, J., dissenting).

. . . .

We hold that, under the facts of this case, the District Court did not err in concluding that it lacked jurisdiction to adjudicate the disposition of the Indian trust land that was the parties' only significant marital asset.

Wellman, 258 Mont. at 137-41, 852 P.2d at 563-65.

If the District Court has no authority to distribute petitioner's Indian trust land and no authority to consider its value for purposes of distributing the remainder of the marital estate, it has no authority to order him to request an appraisal of that property from the BIA and to appeal the BIA's refusal to give him one. Neither does the District Court have authority to condition acceptance of those issues over which it properly has jurisdiction on the parties' willingness to give the court jurisdiction over Indian trust lands.

For these reasons, we accept supervisory jurisdiction pursuant to Rule 17, M.R.App.P., and hold that the District Court erred when it ordered Larry Smith to request an appraisal of his Indian trust lands from the Bureau of Indian Affairs, and when it ordered him to appeal the BIA's refusal to give him an appraisal. That order of the District Court is REVERSED and set aside.

This case is remanded to the District Court for further proceedings necessary to

dissolve the parties' marriage and distribute that part of the marital estate over which the
District Court does have jurisdiction.

The Clerk of Court is directed to mail a true and correct copy of this order to all
parties of record.

DATED this 30th day of September, 1997.

/S/  TERRY N. TRIEWEILER
/S/  JIM REGNIER
/S/  JAMES C. NELSON
/S/  W. WILLIAM LEAPHART
/S/  KARLA M. GRAY

Chief Justice J. A. Turnage would deny the application for writ of supervisory control.